IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

GREGORY SCOTT SMITH                                                                                              PLAINTIFF

vs.                                            Civil No. 3:22-cv-03076

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                                                DEFENDANT

## MEMORANDUM OPINION

Gregory Scott Smith ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 4.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed his disability application on February 4, 2019. (Tr. 337). In this application, Plaintiff alleges being disabled due to a number of impairments: hydrocephalus, enlarged ventricles, memory loss, migraines, anxiety, depression, mood swings, heat intolerance, concentration problems, blood pressure spikes, nausea, exhaustion, fatigue, insomnia, weakness in his arms and legs, stomach problems, eye focusing problems, blindness in his right eye, muscle

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 6. These references are to the page number of the transcript itself not the ECF page number.

and neck pain, a bulging disc, back problems, degenerative disc disease, ankle and knee problems, hip problems, chronic sinus problems, and allergies. (Tr. 387). Plaintiff alleges an onset date of October 16, 2018. (Tr. 25). This application was denied initially on June 28, 2019, and it was denied again on reconsideration on October 30, 2019. (Tr. 224-226, 232-234). Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 54-125).

The ALJ held two administrative hearings. (Tr. 54-125). The first administrative hearing was held on July 28, 2020, and the second administrative hearing was held on October 26, 2021. *Id.* At the second administrative hearing, Plaintiff was present and was represented by Deborah Sawyer. *Id.* Plaintiff and Vocational Expert ("VE") Charles Poor also testified at this hearing. *Id.*

After the second administrative hearing, the ALJ entered a fully unfavorable decision. (Tr. 22-53). This decision was entered on December 14, 2021. (Tr. 22-53). The ALJ determined Plaintiff met the insured status of the Act through December 31, 2025. (Tr. 27, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 16, 2018, his alleged onset date. (Tr. 28, Finding 2). The ALJ found Plaintiff had the following severe impairments: mild osteoarthritis in the bilateral knees, chronic neck and back pain with degenerative disc disease, morbid obesity, status post ventriculoperitoneal shunt, depression, and anxiety. (Tr. 28-30, Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 30-32, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 32-39, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can only occasionally climb, balance, stoop, kneel, crouch, and/or crawl; and the claimant can perform work where interpersonal contact is incidental, e.g. assembly work, where the tasks are no more complex than those learned and performed by rote, with few variables and little judgment, and where the supervision required is simple, direct, and concrete.

*Id.* The ALJ determined Plaintiff was forty-four (44) years old, which is defined as a younger individual under 20 C.F.R. § 404.1565(c) (2008), on his alleged disability onset date. (Tr. 39, Finding 7). The ALJ determined Plaintiff had at least a high school education. (Tr. 39, Finding 8).

The ALJ determined Plaintiff was unable to perform any of his Past Relevant Work ("PRW"). (Tr. 39, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 39-40, Finding 10). The VE testified at an administrative hearing regarding his ability to perform other occupations. *Id.*

Specifically, the VE testified Plaintiff retained the capacity to perform the following light, unskilled occupations: (1) optical goods worker with approximately 78,000 such jobs in the national economy; (2) bench hand with approximately 110,000 such jobs in the national economy; and (3) surveillance system monitor with approximately 130,000 such jobs in the national economy. (Tr. 40, Finding 10). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff was not disabled at any time from his alleged onset date through the date of the ALJ's decision or through December 14, 2021. (Tr. 40, Finding 11).

Plaintiff requested the Appeal's Council's review of this unfavorable decision. (Tr. 1-6). The Appeals Council denied this request on November 2, 2022. *Id.* On December 30, 2022, Plaintiff appealed this unfavorable decision to this Court. ECF No. 1. The Partis consented to the

jurisdiction of this Court on December 30, 2022. ECF No. 4. Both Parties have filed appeal briefs, and this matter is now ripe for consideration. ECF Nos. 10, 12.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff

must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. <u>**Discussion:**</u>

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 10 at 1-22. Specifically, Plaintiff raises the following two arguments for reversal: (1) the ALJ's assessment of his headaches at Step Two was reversible error; and (2) the ALJ's RFC assessment is not supported by substantial evidence in the record. *Id.* Because the Court finds the ALJ erred in finding his headaches were non-severe, the Court finds this case must be reversed and remanded.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See*

*Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In this case, Plaintiff alleged being disabled due to migraine headaches. (Tr. 387). The transcript demonstrates his chronic migraine headaches began in October of 2018 when he was involved in a motor vehicle accident.[2] (Tr. 841). His medical records support his claim that he continues to suffer from headaches, especially after this accident. For example, on June 13, 2019, his doctor noted Plaintiff was still suffering from headaches which likely resulted from "postconcussion syndrome." (Tr. 1161). The doctor also noted Plaintiff's shunt was functioning appropriately. *Id.* His doctor specifically stated he suffers from the following: "Headaches, visual disturbance with recent diagnosis of postconcussion syndrome and superimposed migraines, not related to VP shunt per recent consultation with neurosurgeon." *Id.* By July 22, 2019, his doctor

---

[2] His medical records also demonstrate that he had a shunt placed in his head in 2001 due to hydrocephalus, and he also has headaches where the shunt is located. (Tr. 843-844, 1003).

reported Plaintiff was suffering from "daily headaches." (Tr. 1156). Based upon these records, the Court finds the ALJ erred in finding his migraine headaches did not meet the low or *de minimis* standard for a "severe impairment." Thus, this case must be reversed and remanded.

4. **Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is not supported by substantial evidence in the record. As such, this case should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 16th day of June 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE